DECUIR, Judge.
These consolidated cases arise out of a slip and fall accident at the Ville Platte Civic Center. At issue on appeal is whether the trial court properly granted defendant Herb Guillory and Associates’ peremptory exceptions of no cause of action and prescription.
FACTS
Plaintiff, Glenda Reed and her husband, Frances Reed, were attending a trade show at the Ville Platte Civic Center on May 5, 1991. As Mrs. Reed entered the Center, her heel became caught in the threshold of the door causing her to slip and fall and sustain serious injury. As a result, Mrs. Reed and her husband filed suit against the City of Ville Platte, its liability insurer, Titan Indemnity Company, as well as J. Ronald Landreneau and Herb Guillory and Associates, Inc., as the respective engineer and architect responsible for the construction of the civic center. Suit was filed on April 27, 1992, within one (1) year from the date of the accident.
Defendant, Herb Guillory and Associates, urged exceptions of vagueness, no cause of action and prescription. On July 13, 1992, the trial court maintained the exceptions of no cause of action and prescription, overruled the exception of vagueness and declined to allow plaintiffs to amend their petition to cure the no cause of action.
Plaintiffs took a devolutive appeal on the issues of prescription and no cause of action. That appeal is the first of the consolidated cases we are currently considering.
On July 29, 1992, the City of Ville Platte and Titan Indemnity filed a Cross Claim and Third Party demand against Herb Guil-lory and Associates and J. Ronald Landre-neau. On July 30, 1992, the plaintiffs filed a First Supplemental and Amending Petition, delineating more clearly their claim against Herb Guillory & Associates and Landreneau. Herb Guillory & Associates reurged their exception of prescription. The trial court sustained the exception and dismissed the Cross Claim and Third Party Demand of the City and Titan, as well as, the plaintiffs First Supplemental and Amending Petition.
The City and Titan appealed on the issue of prescription. This is the second of the consolidated cases presently under consideration.
The parties agree on the following dates, which are relevant to our discussion:
*167 a. In January of 1987, plans and specifications for the Ville Platte Civic Center were completed;
b. On January 12, 1988, the Ville Platte Civic Center was accepted by the City of Ville Platte as substantially , complete;
c. On May 5, 1991, the accident occurred; and
d. On April 27,1992, the plaintiffs’ original Petition was filed.
PRESCRIPTION
The appellants in both of these eases assert that the trial court erred in sustaining the peremptory exception of prescription urged by Herb Guillory and Associates, Inc. We agree.
The trial court fell into error when it confused the period of peremption established by LA-R.S. 9:2772 and the liberative prescription for delictural actions established by Louisiana Civil Code Art. 3492. This confusion is apparently rooted in the assumption that LA-R.S. 9:2772 and La. C.C. Art. 3492 are mutually exclusive. This is not the case.
LA-R.S. 9:2772 states in pertinent part that:
“A. No action, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contact or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
* * * * * *
B. The causes which are perempted within the time described above include any action:
* * * * * *
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
* * * * * *
D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.”
* * * * * *
Paragraph D of the statute makes clear that the normal liberative prescription operates for actions arising during the peremptive period. It is only when a period of liberative prescription would allow an action to be maintained after the ten year peremptive period has tolled, that prescription and peremption come into conflict. This conflict arises because peremption is a period of time fixed by law for the existence of a right (La.C.C. Art. 3458), whereas, the accrual of liberative prescription merely prevents the enforcement of a right. Guidry v. Sunset Recreation Club, Inc., 571 So.2d 870 (La.App. 3rd Cir.1990). Thus, when the period of peremption has tolled, the issue of prescription is moot because no right remains to be enforced.
Of more importance to this case is when the respective periods of peremption and prescription begin to run. According to LA-R.S. 9:2772, the period of peremption begins to run with the registry of acceptance by the owner in the mortgage records.
In Louisiana, prescription does not begin to run until damage is sustained. Rayne State Bank & Trust v. National Union Fire Insurance Company, 483 So.2d 987 (La.1986). La.C.C. Art. 3492 provides that the one year prescription period for delictual actions runs “from the day injury or damage is sustained.” The reason is clear. In order for the prescriptive period to commence, the plaintiff must be able to state a cause of action — both a wrongful act and resultant damages. Rayne, supra.
*168 In sustaining Herb Guilory & Associates’ exception of prescription, the trial court found LA-R.S. 9:2772 did not apply to Herb Guillory & Associates and that the plaintiffs action was subject to the one year liberative prescription. The court found that prescription had begun to run when the building was accepted in 1988. The trial court’s error is twofold. First, the question of LA-R.S. 9:2772’s applicability to Herb Guillory & Associates is immaterial because the action was filed well within the peremptive period. Secondly, the trial court correctly concluded that the one year liberative prescription applied, but then found that prescription began to run when the city accepted the civic center as if LA-R.S. 9:2772 applied.
The proper starting point for the running of prescription was the date of the accident, May 5, 1991. Suit was filed April 27, 1992, less than one year from the date of the accident. Thus, prescription had not run.
The trial judge relied on Elnaggar v. Fred H. Moran Construction Company, 468 So.2d 803 (La.App. 1st Cir.1985), in finding that the actions of the plaintiffs and cross claimants were barred by prescription. This reliance was misplaced. Elnaggar dealt primarily with the applicability of LA-R.S. 9:2772 to an architect. Based on the facts of that ease, the court found the statute inapplicable, and applied the one year liberative prescription. The court did not specify when prescription began to run, but the amending petition which named the architect was filed more than one year after damages occurred.
The facts of this case differ. Suit was filed within one year of damages being sustained. Accordingly, neither the plaintiffs’ suit nor the Cross Claim and Third Party Demand of the City and Titan are barred by prescription.
NO CAUSE OF ACTION
By this assignment, plaintiff’s allege that the trial court erred in sustaining Herb Guillory and Associates exception of no cause of action and alternatively in denying plaintiffs the right to amend their petition to state a cause of action.
Every reasonable interpretation must be accorded to the language of the petition, in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc. 310 So.2d 93, 96 (La.1975).
If the petition is insufficient, La. Code of Civil Procedure Article 934, requires that the adverse party be given an opportunity to amend where there is a conceivable possibility that a cause of action might be stated. Alexander and Alexander v. State Division of Administration, 486 So.2d 95 (La.1986).
Plaintiff’s original petition read in pertinent part:
12
In addition, petitioners allege that the floor threshold where the accident occurred constituted a defective condition of this building and that said defective condition contributed to the injuries sustained by GLENDA REED.
13
Petitioners further allege, upon information and belief, that the defendants, J. Ronald Landreneau and Herb Guillory and Associates, Inc. were the respective architect and engineers who designed and engineered the construction of the Ville Platte Civic Center.
Paragraph 12 alleges a defective condition and paragraph 13 alleges defendant, Herb Guillory and Associates were involved in engineering and design of the building. While perhaps not as clear as it could be, the allegations can be reasonably interpreted to state a cause of action for negligence with regard to the design, engineering or incorporation of the threshold. The trial court erred in sustaining the exception of no cause of action.
For the foregoing reasons, the judgment of the trial court sustaining the exceptions of no cause of action and prescription in favor of Herb Guillory and Associates, Inc. and against Glenda and Frances Reed is *169 reversed and the case remanded. The judgment sustaining the exception of prescription in favor of Herb Guillory and Associates, Inc. and against Glenda and Frances Reed, the City of Ville Platte, and Titan Indemnity Company is reversed and the case remanded.
REVERSED AND REMANDED.