665 So.2d 133 (1995)
Diane B. POREE
v.
ELITE ELEVATOR SERVICES, INC., Dover Elevator Co., et al.
No. 94-CA-2575.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1995.
Writ Denied February 16, 1996.
*134 Martzell & Bickford, John R. Martzell, M. Suzanne Montero, New Orleans, for appellant.
Demartini, LeBlanc, D'Aquila & Volk, Jerome M. Volk, Andrea M. Spencer, New Orleans, for Appellee/Dover Elevator Company.
Before SCHOTT, C.J., and BARRY, BYRNES, CIACCIO and MURRAY, JJ.
CIACCIO, Judge.
Diane Poree and Dorothy Broussard appeal a judgment which maintains Dover Elevator Company's exception of prescription and dismisses their suit with prejudice.
Ms. Poree, who was confined to a wheelchair and worked for the Orleans Parish School Board, was injured when she attempted to get out of an elevator at Walter Cohen High School on March 10, 1993. The elevator allegedly stopped above the floor level and the wheelchair tilted backward as she tried to exit. Ms. Poree and her mother, Dorothy Broussard, sued Elite Elevator Services, Inc. and Jewel Elevator Services, Inc. and their insurers for failure to properly maintain and service the elevator. They sued Dover Elevator Co. (successor in interest to Louisiana Elevator Corporation), Dover Elevator Systems, Inc. and Dover Corporation-Elevator Division and their insurer, Liberty Mutual Insurance Company, for negligently and/or intentionally designing, manufacturing, constructing, assembling, testing, inspecting, installing and servicing the elevator as well as failing to warn. Cross-claims, third party demands and an intervention were filed.
Dover Elevator Co. filed an exception of prescription and/or motion for summary judgment and the trial court maintained the exception.[1] Plaintiffs' motion to reconsider was denied and that ruling is also appealed. Plaintiffs argue that the trial court erred by applying LSA-R.S. 9:2772 which perempted their claims against Dover Elevator Company.
Dover Elevator Co. contends that the elevator is within the purview of LSA-R.S. 9:2772 and the action prescribed. Its exception and/or summary judgment motion was supported with the following documentation: February 25, 1970, contract by which the Orleans Parish School Board, the owner of the land, contracted with Perrilliat-Rickey Construction Company, Inc. to build Walter Cohen High School; January 26, 1972, notice of acceptance; affidavit of attorney and title examiner, Ellen Mullins, who declared that the construction contract was recorded February 26, 1970, and the School Board's acceptance of the building was recorded January 28, 1972; Perrilliat-Rickey Construction's February 25, 1970, subcontract with Louisiana Elevator Corporation "to furnish and install elevator"; November 20, 1972, act of sale by which Dover Elevator Co. purchased Louisiana Elevator Corporation; affidavit of William Luttmann, Assistant Secretary of Dover Elevator Co., who declared that Louisiana Elevator Corp. "installed the elevator" and that Dover Elevator Co. did not design or manufacture the school elevator; and a statement of uncontested facts which declared that Dover Elevator Co. provided no service after the elevator was installed. In opposition, plaintiffs argued that LSA-R.S. 9:2772 did not apply.[2] They noted that Louisiana *135 Elevator Corp. supplied and installed the elevator and then cited a redhibition article relating to a bad faith seller, LSA-C.C. art. 2545. Plaintiffs submitted a copy of the elevator subcontract and a response to the statement of uncontested facts.
The ten year period in LSA-R.S. 9:2772 is peremptive, not prescriptive. Reed v. City of Ville Platte, 619 So.2d 165 (La.App. 3rd Cir.1993). Peremption is a period of time fixed by law for a right to exist. Unless the right is timely exercised, it is extinguished when the peremptive period expires. LSA-C.C. art. 3458. Peremption, unlike prescription, may be supplied by the court on its own motion. LSA-C.C. art. 3460.
LSA-R.S. 9:2772 provides in pertinent part:
A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought against any person... performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner....
LSA-R.S. 9:2772 applies if Louisiana Elevator Corp. is a contractor and installation of the elevator constitutes construction of an improvement to immovable property. DeWoody v. Citgo Petroleum Corp., 604 So.2d 92 (La.App. 3rd Cir.1992), writ denied, 605 So.2d 1369, 1372 (La.1992). See also Tenneco Oil Company v. Chicago Bridge & Iron Company, 495 So.2d 1317 (La.App. 4th Cir. 1986) (on rehearing), writ granted and remanded on other grounds by 497 So.2d 1006 (La.1986), writ denied, 497 So.2d 1015 (La. 1986).
For LSA-R.S. 9:2772 to apply, the contract has to be a contract to build, not a contract of sale. Id. To decide whether a contract is a construction contract or a contract of sale, a court considers the economics of the situation to determine if the primary obligation is to give (sales contract) or to do (construction contract). Harris v. Black Clawson Company, 961 F.2d 547 (5th Cir. 1992), quoting The Work of the Appellate Courts for the 1977-1978 TermSales, 39 La.L.Rev. 705, 712 (1979).
In Tenneco, 495 So.2d at 1317, LSA-R.S. 9:2772 applied because the storage tank was considered an immovable and the contract was a construction contract due to the fact that on-site construction time was three times the fabrication time of the tank components, the construction costs were over one-half the price exclusive of materials, and the construction and installation costs exceeded other contract costs. In Harris v. Black Clawson Company, 961 F.2d at 547, it was not as clear that the contract was a construction contract. A hydrapulper tub, a paper manufacturing machine of substantial size embedded in the ground, was an immovable constructed on site and the statute was applicable. Id. The determination is made on a case by case basis.
The evidence submitted in support of Dover Elevator Co.'s motion for summary judgment indicates that Dover Elevator Co. was the subcontractor for on site construction and installation of the elevator in the construction of Cohen High School. On February 25, 1970, the Orleans Parish School Board contracted with Perrilliat-Rickey Construction Co., Inc. to build Cohen High School. As part of the construction project, Perrilliat-Rickey sub-contracted with Louisiana Elevator Corporation, to build and install the elevator in question because Perrilliat-Rickey lacked the technical knowledge and skill necessary for construction of an elevator that was incorporated into the building. The contract between the two parties specifically refers to Perrilliat-Rickeys as "contractor" and to Louisiana Elevator Corp. as "subcontractor". The evidence submitted clearly establishes that Dover Elevator Co. was the *136 sub-contractor in the instant case within the meaning of LSA-R.S. 9:2772.
The issue then is whether the elevator was an improvement to an immovable. Buildings and other constructions permanently attached to the ground are component parts of a tract of land when they belong to the owner of the land and are therefore immovables. LSA-C.C. arts. 462 and 463. Things, which are permanently attached to a building and cannot be removed without substantial damage to themselves or to the immovable, are considered component parts. LSA-C.C. art. 466.
The evidence in the record shows Orleans Parish School Board is the owner of the school building and the ground on which it stands. The elevator is permanently attached to the building, as it was incorporated into the structure when the building was constructed in the early 1970's. The building and the elevator are component parts of the land. The elevator in the Cohen High School building is a permanent fixture as opposed to a temporary utility elevator as was found in White v. Gulf States Utilities Co., 525 So.2d 145 (La.App. 3d Cir.1988), which was only transitorily attached. In light of the evidence, we find, as did the trial judge, that the construction of the elevator in the Cohen High School building constitutes an improvement to an immovable within the meaning of LSA-R.S. 9:2772.
Because the evidence establishes that the elevator was constructed in the early 1970's and more than ten years have lapsed since the date of registry in the mortgage office of acceptance of the work by the Orleans Parish School Board, under LSA-R.S. 9:2772 plaintiffs' claims are perempted. Hence, we find the trial judge was correct in maintaining Dover Elevator's exception of prescription.
Accordingly, for the above reasons, the judgment of the trial court in favor of Dover Elevator Company, maintaining its exception of prescription and dismissing plaintiffs' claims, is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
MURRAY, J., dissents for reasons assigned by Judge BARRY.
BARRY, Judge, dissenting with reasons.
The record does not show that removal of the elevator would cause substantial damage to the school building or to the elevator. There is no documentation as to what the elevator's installation involved, whether the elevator was assembled before being brought to the construction site, or how it was connected to the school building. Importantly, the record does not show that the subcontract "to furnish and install elevator" was a construction contract.
There is no proof that the contract was primarily concerned with the furnishing of labor and skill in construction and not with the sale of the elevator. The hours required to fabricate the elevator components were not compared to the hours at the construction site. There is no breakdown between the cost of materials and the labor charge for installation time. The court erred by maintaining the exception of prescription.
The issue of peremption was not properly raised by use of the prescription exception. The proper procedure is an exception of no cause of action. Davis v. Sewerage and Water Board, 469 So.2d 1144 (La.App. 4th Cir. 1985). See also Dowell v. Hollingsworth, 94-0171 (La.App. 1 Cir. 12/22/94); 649 So.2d 65, writ denied, 95-0573 (La. 4/21/95), 653 So.2d 572; Comment, Legal Rights and the Passage of Time, 41 LA.L.REV. 220 (1980).
The plaintiffs alleged more than one theory of liability in their original and supplemental petitions, but did not claim that Dover Elevator Co. (through Louisiana Elevator Corp.) constructed the elevator. Among other allegations, plaintiffs claimed that Dover Elevator Co. installed and serviced the elevator. Accepting the well-pleaded allegations as true, Pape v. ODECO, 93-1005 (La.App. 4 Cir. 9/21/94); 643 So.2d 229, the petition states a cause of action against Dover Elevator Co. and should not have been dismissed with prejudice.[1]
*137 If the elevator's installation is within R.S. 9:2772, peremption may be raised or noticed on the court's own motion at any time prior to final judgment. La.C.C. art. 3460.
The summary judgment should be reversed and the matter remanded for further proceedings.
NOTES
[1] Although Ms. Poree argues that there remain genuine issues of material fact relating to her motion for summary judgment, the trial court never acted on that motion.
[2] Plaintiffs also argued that their claim against Dover Elevator Co. for failure to warn was not time barred because that action did not fall under the statute. However, LSA-R.S. 9:2772, as amended in 1990, includes actions for failure to warn.
[1] Under La.C.C.P. art. 934 plaintiffs are allowed an opportunity to amend their petition before a claim is dismissed.