I! WALTZER, Judge.

STATEMENT OF THE CASE

This suit arises out of a 10 March 1993 incident in which the wheelchair-bound plaintiff allegedly propelled her wheelchair backwards out of an elevator at the Walter Cohen High School, where she was employed as a science teacher. According to Poree’s petition, the elevator had stopped approximately eighteen inches above the level of the floor, causing her to fall and suffer disabling closed head injuries.
Relators, Dover Elevator Services, Inc., Dover Corporation — Elevator Division and Liberty Mutual Insurance Company (DES), filed Peremptory Exceptions of No Cause of Action and Prescription and a Motion for Summary Judgment, which were granted by judgment of 2 July 1997. On 12 September 1997, the trial court granted Poree’s Motion for New Trial and Reconsideration, and on 5 *817 January 1998, the trial court denied DES’s Motions for New Trial and/or Reconsideration of Judgment. We grant DES’s application for supervisory review of the latter judgment and reverse the judgment of the trial court.

STANDARD OF REVIEW AND BURDEN OF PROOF

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 98-1480 (4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-498 (La.App. 3 Cir. 10/29/97), 702 So.2d 323,326.
The jurisprudential presumption against granting the summary judgment was legislatively overruled by La.C.C.P. art. 966 as amended. Under the amended statute, the initial burden of proof remains with the mover to showl ¡¡that no genuine issue of material fact exists. However, under La.C.C.P. art. 966(C), once mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by mover, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to La.C.C.P. art. 966 brings Louisiana’s standard for summary judgment closely in line with the federal standard under Fed.Rule Civ.Proc. 56(e). Hayes v. Autin, 96-287 (La.App.3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. The summary judgment law was amended by La. Acts No. 483 of 1997 to incorporate the Hayes analysis.
Under Fed.Rule Civ.Proc. 56, when the non-moving party bears the burden of proof at trial, there is no genuine issue of material fact if the non-moving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. If a defendant in an ordinary civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. In Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), the court held that Fed.Rule Civ.Proc. 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party’s case and on which that party will bear the burden of proof. Berzas v. OXY USA, Inc., 29,835 *818 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149, 1152-63; Martello v. State Farm Fire and Cas. Co., 96 2375 (La.App. 1 Cir. 11/7/97), 702 So.2d 1179,1183-84.

ANALYSIS

This case has been before this Court on two previous occasions, and certain elements have been established as the law of the case. In Poree v. Elite Elevator Services, Inc., 94-2575 (La.App. 4 Cir. 11/16/95), 665 So.2d 133, 136 this Court held:
The elevator is permanently attached to the school building, as it was incorporated into the structure when the building was constructed in the early 1970’s. The building and the elevator are component parts of the land. The elevator in the Cohen High School building is a permanent fixture as opposed to a temporary utility elevator ... and constitutes an improvement to an immovable within the meaning of LSA-R.S. 9:2772.
The Court also found that the elevator was constructed in the early 1970’s and more than ten years have elapsed since the date of registry in the mortgage office of acceptance of the work by the Orleans Parish School Board.
In pertinent part, LSA-R.S. 9:2772 provides:
A. No action, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought ... against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; ...
B. The causes which are perempted within the time described above include any action:
Is... (3) For injury to the person or for wrongful death arising out of any such deficiency [in the construction of any improvement to immovable property],
... (5) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained....
In support of their Exceptions and Motions for Summary Judgment, DES submitted affidavits of Harold E. Pique, the architect who designed the plans and specification for Cohen High School on 22 December 1969, and of Doug Henderson, a DES engineer since December 1969. According to Pique, he prepared initial plans and specifications, and DES provided detailed submittals relating to the elevator. His plans and specifications together with DES’s detailed submittals formed the basis of the construction “Subcontract for Elevator” entered into with Per-rilliat-Rickey Construction Co., Inc. on 25 February 1970, to construct and install the elevator into the school building. Louisiana Elevator Corporation was the subcontractor who installed and constructed the elevator that became a part of the immovable property, in accordance with the plans and specifications prepared by DES. According to Pique, elevators are not a prepackaged, stock product, but are a construction involving multiple components that are assembled into and made a part of the building in which they are installed.
Pique’s affidavit also establishes that the Orleans Parish School Board accepted the completed building, including the elevator, on 26 January 1972, and this acceptance was recorded on 28 January 1972.
| sThe Henderson affidavit establishes that Dover Elevator Services and Dover Corporation-Elevator Division perform and furnish designing, planning and engineering services for elevator systems to be installed, constructed or incorporated into improvements to immovable property. These two entities do not perform the construction, installation, service, repair or modernization of elevators. According to Henderson’s affidavit, the Cohen elevator was .installed and constructed by Louisiana Elevator Corporation, predecessor to Dover Elevator Company, an entity previously dismissed from this litigation. The elevator was a custom-designed unit engineered by DES to meet the school’s needs as established by the architect’s and school *819 board’s specifications. Henderson confirmed Pique’s statement that the elevator was not a stock item, but was custom-designed and engineered to meet the school’s particular requirements. It was constructed, installed and erected by Louisiana Elevator Corporation using the plans and designs of DES, and was incorporated into immovable property, the school building, during its construction. Henderson established that DES is primarily concerned with the contract to design, and is not involved with the contract to install or sell the elevator to be installed into the building. The various parts are shipped to the installing contractor to be constructed into the building in accordance with the design prepared by DES. Significantly, DES was not involved with the construction, installation or inspection of the Cohen elevator, and provided only its design and engineering.
In light of these undisputed facts, as to which Poree submitted no countervailing evidence, DES falls within the ambit of LSA-R.S. 9:2772’s ten year peremptive period, and the trial court’s initial judgment granting DES’s Exceptions and Motion for Summary Judgment was correct.
|?The gravamen of Poree’s Motion for New Trial or for Reconsideration was:
(1) DES was erroneously characterized as a contractor; and
(2) Failure to warn is a continuing duty as to which prescription does not apply under Winterrowd v. The Travelers Indemnity Company, 462 So.2d 639 (La.1985).
The record does not contain the trial court’s Reasons for Judgment, if any were in fact provided. However, it is clear that neither of Poree’s asserted grounds for reconsideration is valid. The uncontroverted affidavits of the school board’s architect and the DES engineer establish that DES falls within the category of a designer as outlined in LSA-R.S. 9:2772 A. The affidavits together with the prior holding of this Court in Poree v. Elite Elevator Services, Inc., supra, establishes that the elevator was an improvement to immovable property within the meaning of the statute. The distinction suggested by Poree between a manufacturer and a contractor is not part of the statutory framework and is unsupported by Poree’s evidence. Therefore, it cannot be the basis for denial of DES’s Motion for Summary Judgment.
Poree’s reliance on Winterrowd, supra is likewise misplaced. That case did not involve construction of an improvement to immovable property and is therefore distinguishable from the instant case. While duty to warn is a continuing duty for purposes of prescription under Winterrowd, where the product in question is an improvement to immovable property the peremption of LSA-R.S. 9:2772(A)(1) applies. In order that there would be no question concerning the effect of the continuing duty to warn, the legislature made clear in both LSA-R.S. 9:2772 A and LSA-R.S. 9:2772 B(5) that deficiency under |sthe statute includes failure to warn the owner of any dangerous or hazardous condition. Further, this Court explicitly held in Poree, supra 665 So.2d at 134, fn. 2 that LSA-R.S. 9:2772, as amended in 1990, includes actions for failure to warn.

CONCLUSION AND DECREE

Because the uncontroverted evidence places DES clearly within the provisions of LSA-R.S. 9:2772, we grant its writ application, reverse the trial court’s judgment of 5 January 1998 and grant the Motions for Summary Judgment.

WRIT GRANTED, JUDGMENT OF TRIAL COURT REVERSED, MOTIONS FOR SUMMARY JUDGMENT GRANTED.