| | | |
|---|---|---|
| SIXTY THREE TWENTY FOUR CHEF MENTEUR HIGHWAY, LLC | * | NO. 2019-CA-0243 |
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| PHOENIX DEVELOPMENT GROUP, L.L.C. AND DECATUR HOTELS, LLC | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2007-02332, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany G. Chase)


Jeffrey Scott Loeb
Sean McAllister
LOEB LAW FIRM II
1180 W. Causeway Approach
Mandeville, LA 70471

John Randall Whaley
ATTORNEY AT LAW
3112 Valley Creek Drive, Suite D
Baton Rouge, LA 70808


      COUNSEL FOR PLAINTIFF/APPELLANT


John A. Stewart, Jr.
BALDWIN HASPEL BURKE & MAYER, LLC
1100 Poydras Street
3600 Energy Centre
New Orleans, LA 70163--2200

Julie Steed Kammer
STAINES & EPPLING
3500 North Causeway Boulevard
Suite 820
Metairie, LA 70002

Jay Russell Sever
Matthew G. Greig
PHELPS DUNBAR LLP
365 Canal Street
Canal Place - Suite 2000
New Orleans, LA 70130-6534


COUNSEL FOR DEFENDANTS/APPELLEES




**AFFIRMED**
**JULY 31, 2019**

Sixty-Three Twenty-Four Chef Menteur Highway, LLC (hereinafter "Chef Menteur") seeks review of the trial court's November 13, 2018 judgment granting the exceptions of peremption, no cause of action and no right of action filed by J.B. Russell & Son Construction Co., Inc. (hereinafter "JBR"), Southeastern Commercial Roofing Company, Inc. (hereinafter "Southeastern") and Scottsdale Insurance Company (hereinafter "Scottsdale"). After consideration of the record before this Court, and the applicable law, we affirm the November 13, 2018 judgment of the trial court.

**Facts and Procedural History**

Phoenix Development Group, LLC (hereinafter "PDG") entered into an offer to purchase agreement with Chef Menteur for property located at 6324 Chef Menteur Highway. The offer to purchase agreement was partially contingent upon Chef Menteur providing clear title to the property.[1] Decatur Hotels, LLC (hereinafter "Decatur"), a subsidisry of PDG, entered into a contractual agreement with JBR to perform site restoration and miscellaneous services at various hotel sites, including 6324 Chef Menteur Highway. JBR retained Southeastern to

---

[1] The purchase agreement listed other contingencies which are not relevant to the current appeal.

1

perform roofing work on the property. PDG took possession of the property and the contractors began work on the property.

The sale of the property to PDG was not completed because Chef Menteur was unable to provide clear title. On April 21, 2006, due to the failure of completion of the sale of the property, Chef Menteur regained possession. On March 13, 2007, Chef Menteur filed a petition for damages against PDG and Decatur alleging damage to the property and improper possession.[2] After numerous supplemental and amending petitions, Chef Menteur filed a fifth supplemental and amending petition on August 28, 2017, naming JBR and Southeastern as defendants.[3] In this petition, Chef Menteur alleged damage as a result of roof repair work performed by JBR and Southeastern. This petition also alleged civil trespass by JBR and Southeastern. On April 16, 2018, Chef Menteur filed a seventh supplemental and amending petition adding Scottsdale as a defendant in its capacity as Southeastern's insurer.[4]

On July 12, 2017, JBR filed exceptions of peremption, no cause of action and no right of action. JBR alleged Chef Menteur's claims against it were perempted by La R.S. 9:2772; that Chef Menteur was not the proper party to bring a civil trespass claim; and that there was no cause of action regarding Chef Menteur's claim of unjust enrichment. On October 4, 2018, Southeastern filed exceptions of peremption, no cause of action and no right of action based on the same grounds as Chef Menteur's exceptions. On October 10, 2018, Scottsdale filed a motion formally adopting Southeastern's arguments.

---

[2] PDG and Decatur settled with Chef Menteur and were ultimately dismissed from the matter.
[3] Prior to the fifth supplemental and amending petition, Chef Menteur filed four separate amended petitions, which are not relevant to the present appeal.
[4] A sixth supplemental and amending petition was filed by Chef Menteur supplementing the petition with the correct name of Southeastern.

The matter was heard by the trial court on October 19, 2018. By judgment dated November 13, 2018, the trial court sustained the exceptions of peremption, no cause of action and no right of action. In strictly construing the peremptive statute, the trial court determined that the time period for Chef Menteur to file a damage claim had expired, thus granting the exception of peremption. Additionally, the trial court determined a procedural defect existed regarding the civil trespass and unjust enrichment claims, finding the claims to be tort claims, which were filed more than one year from the date of knowledge of the alleged activity. As such, the trial court granted the exceptions of no cause of action and no right of action. However, the trial court allowed Chef Menteur twenty-one days, from the date of judgment, to amend its petition to state a cause of action. This appeal followed.

## Assignments of Error

Chef Menteur lists two assignments of error: (1) the trial court erred in its interpretation of La. R.S. 9:2772 and the five-year peremptive period designated in the statute does not apply to JBR and Southeastern; and (2) the trial court erred in holding that the five-year peremptive period of La. R.S. 9:2772 applied to Chef Menteur's claims of civil trespass against JBR and Southeastern. Chef Menteur seeks review of the trial court's ruling relative to the exception of peremption.

## Standard of Review

"A judgment granting a peremptory exception of peremption is generally reviewed *de novo*, because the exception raises a legal question and involves the interpretation of a statute." *Thrasher Const., Inc., v. Gibbs Residential, L.L.C.*, 2015-0607, p. 6 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, 288-89. Where evidence is introduced at the trial of a peremptory exception, this Court reviews the entire

record in order to determine whether the trial court's factual conclusions were manifestly erroneous. *Id.* (quoting *Metairie III v. Poche Const., Inc.*, 2010-0353, p. 4 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449).

## Discussion

Chef Menteur maintains that the peremptive period of La. R.S. 9:2772 does not apply to JBR and Southeastern because there is no link between those entities and the property owner—Chef Menteur. It argues that the statute is only applicable if Chef Menteur engaged the services of JBR and Southeastern. Since Decatur hired JBR, who retained Southeastern, Chef Menteur argues that the statute is not applicable and the five-year peremptive period does not apply to the defendants.

Conversely, JBR and Southeastern assert that La. R.S. 9:2772 does not require the owner of the property to be the party to directly engage the contractor providing the service. Thus, the five-year peremptive period applies and Chef Menteur's claims should be dismissed. Scottsdale maintains that since Chef Menteur has no claim against Southeastern, its insured, it cannot maintain a claim against Scottsdale.

### *Applicability of La. R.S. 9:2772*

La. R.S. 9:2772 provides, in pertinent part, that:

> A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, design, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land

4

surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovable, or improvement to immovable property, including but not limited to residential building contractor as defined in R.S. 37:2150.1:

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

Chef Menteur argues that the five-year peremptive period outlined in La. R.S. 9:2772 does not apply to JBR and Southeastern because Chef Menteur did not engage the services of JBR and Southeastern. We find this argument without merit. La. R.S. 9:2772(B)(3) provides that "Except as otherwise provided in Subsection A of this Section, this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person." This portion of the statute allows for the applicability of the five-year peremptive period to any person involved in actions involving construction or improvements to the immovable property. Based on the plain language of the statute, we find the peremptive period is applicable to JBR's and Southeastern's work on the property, regardless of which entity engaged its services. Although Chef Menteur did not directly contract with JBR and Southeastern, the fact that Decatur engaged those entities does not negate the applicability of the peremptive period. Therefore, we find that the five-year peremptive period of La. R.S. 9:2772 is applicable to JBR and Southeastern.

### *Trespass Claim*

Chef Menteur asserts that the trial court erred in dismissing its civil trespass claim against JBR and Southeastern by granting JBR and Southeastern's exception of peremption. Chef Menteur argues that the peremptive period of La. R.S. 9:2772 does not apply to the tort of civil trespass because it is specifically tailored to claims regarding deficiencies in design or construction. Conversely, JBR and Southeastern maintain that the civil trespass claim is subject to the applicable peremptive period because La. R.S. 9:2772 applies to any claim which arises out of work performed on immovable property.

Claims subject to the peremptive period of La. R.S. 9:2772 arise in situations involving construction and improvement to immovable property. *See Poree v. Elite Elevator Servs., Inc.*, 1994-2575, p. 3 (La.App. 4 Cir. 11/16/95), 665 So.2d 133, 135. Chef Menteur's civil trespass claim is based on its assertion that JBR and Southeastern entered the property without Chef Menteur's consent and caused damage to the property while performing construction work. Chef Menteur alleged civil trespass, against JBR and Southeastern, in its fifth supplemental and amending petition for damages. However, whether or not it has a valid civil trespass claim against JBR and Southeastern is not currently before this Court.

We are tasked with determining whether the trial court's dismissal of the civil trespass claim was based on the five-year peremptive period outlined in La. R.S. 9:2772. We find that it was not. A review of the record establishes that the trial court did not dismiss the civil trespass claim based on the five-year peremptive period of La. R.S. 9:2772. Specifically, the trial court stated that "the trespass [is a] tort claim[ ] that should have been pled one year passed [sic] the date of knowledge. We're clearly outside of that period on the face of the petition… ."

The trial court's reasons reveal that it dismissed the civil trespass claim based on the fact that the claim was filed more than one year from the date of knowledge of the civil trespass and not based on the peremptive period set forth in La. R.S. 9:2772.[5] Chef Menteur's interpretation of the trial court's judgment is misplaced. Thus, we find no error in the trial court's ruling.

## Conclusion

Based on the foregoing, we find the trial court did not err in applying La. R.S. 9:2772 to the property damage claims asserted by Chef Menteur against JBR, Southeastern and Scottsdale.[6] We further find the trial court did not dismiss Chef Menteur's civil trespass claim based on the peremptive period outlined in La. R.S. 9:2772. Therefore, we affirm the November 13, 2018 judgment of the trial court.

**AFFIRMED**

---

[5] Our interpretation of the trial court's reasoning is further supported by the fact that the trial court allowed Chef Menteur an opportunity to amend its petition.

[6] The claims against Scottsdale are derived from the claims against Southeastern. As such, the claims against Scottsdale are also dismissed.

7